IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HABIG,

        Plaintiff,                    No. CIV S-09-1819 GGH P

   vs.

W. McALLISTER, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Named as defendants are Dr. McAllister, Dr. Sabin, Dr. Bick, Dr. Andreason, Counselor Sinkovich, Nurse Weber, Warden Knowles, Warden Dickinson, Dr. Birkbeck, Dr. Shifflett and Dr. Stillwater. Complaint, p. 2.

The complaint contains no allegations against defendants Bick, Andreason, Sinkovich, Weber, Knowles, Dickinson and Stillwater. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Bick, Andreason, Sinkovich, Weber, Knowles, Dickinson and Stillwater to any alleged constitutional violation, the claims against these defendants are dismissed with leave to amend.

Plaintiff alleges that defendants did not provide timely, adequate medical care for his broken hand. Plaintiff alleges that as a result in the delay in treatment, he suffered pain and was not able to have surgery. Plaintiff alleges defendant Sabin examined him shortly after he broke his hand. Complaint, p. 9-10. Plaintiff alleges that the only treatment provided by defendant Sabin was to wrap his hand in an elastic ace bandage. Id. This allegation states a colorable claim for relief against defendant Sabin pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff alleges that defendant McAllister examined him on June 20, 2008, and August 14, 2008. Complaint, p. 16, p. 18. Plaintiff alleges that defendant McAllister failed to adequately treat his broken hand by ensuring that he was seen by an orthopedic specialist as soon as possible. These allegations state a colorable claim for relief against defendant McAllister.

Plaintiff alleges that on October 19, 2008, he had an orthopedic consultation with defendant Shiffleet at Queen of the Valley Medical Center. Complaint, p. 19. Defendant Shiffleet determined that due to the length of time since the injury, surgical repair of the hand was not possible. Complaint, p. 20.

It is unclear how plaintiff is claiming that defendant Shiffleet violated his constitutional rights. There are no allegations suggesting that defendant Shiffleet was responsible for the delay in plaintiff's receipt of the orthopedic consultation. Plaintiff does not claim that defendant Shiffleet wrongly determined that surgery was not an option. Because the court cannot determine the nature of plaintiff's claims against defendant Shiffleet, the claims

against this defendant are dismissed with leave to amend.

         Plaintiff alleges that on October 10, 2008, he had a further orthopedic consultation with defendant Birkbeck at Queen of the Valley Hospital. Complaint, p. 20. On November 21, 2008, defendant Birkbeck examined plaintiff again. Complaint, p. 21. Defendant Birkbeck also ruled out surgery to treat plaintiff's hand due to the length of time from the original injury. Complaint, p. 21.

         As with defendant Shiffleet, there are no allegations suggesting that defendant Birkbeck was responsible for the delay in plaintiff's receipt of the orthopedic consultation. Plaintiff does not claim that defendant Birkbeck wrongly determined that surgery was not an option. Because the court cannot determine the nature of plaintiff's claims against defendant Birkbeck, the claims against this defendant are dismissed with leave to amend.

         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's request to proceed in forma pauperis is granted;

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's claims against all defendants but for defendants Sabin and McAllister are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

        4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: July 20, 2009

                                            /s/ Gregory G. Hollows
                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

hab1819.b1