IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HABIG,

        Plaintiff,               No. 2:09-cv-1819 KJN P

    vs.

W. MCALLISTER,              <u>ORDER AND</u>

        Defendants.       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  On February 9, 2010, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing the instant action.  On March 31, 2010, plaintiff filed an opposition to the motion to dismiss in which he concedes he failed to exhaust his administrative remedies prior to filing the instant action, but argues he should be allowed to proceed based on delays by prison officials in providing a third level review.  Defendants filed a reply.[1]

        Plaintiff is proceeding on his original complaint against defendants W.

---

[1] Plaintiff filed an opposition to defendants' reply on June 3, 2010.  On June 14, 2010, defendants filed objections to that filing.  Defendants' position is well-taken.  Local Rule 230(*l*) makes no provision for the filing of a surreply.  Thus, plaintiff's June 3, 2010 filing will be disregarded.

1

1   McAllister, M. Sabin, J. Bick, R. L. Andreason, W. J. Sinkovich, J. Weber, K. Dickinson, and

2   Stephen Kotarek (collectively "defendants").  Plaintiff alleges defendants were deliberately

3   indifferent to his serious medical needs by failing to properly treat a boxer fracture to plaintiff's

4   right hand, which was sustained on June 13, 2008.  Plaintiff seeks declaratory and injunctive

5   relief, monetary and punitive damages.  (Complt. at 25.)

6          Legal Standard

7          The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

8   to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

9   § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

10  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

11  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.

12  516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding the conditions of

13  their confinement, whether they involve general circumstances or particular episodes, and

14  whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

15         Exhaustion of all "available" remedies is mandatory; those remedies need not

16  meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v.

17  Churner, 532 U.S. 731, 740, n.5 (2001).  Even when the prisoner seeks relief not available in

18  grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Booth, 532

19  U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative

20  process that could provide some sort of relief on the complaint stated, but no money."  Id. at

21  734.[2]

22         A prisoner need not exhaust further levels of review once he has either received

23

24         [2] The fact that the administrative procedure cannot result in the particular form of relief
    requested by the prisoner does not excuse exhaustion because some sort of relief or responsive
25  action may result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at
    525 (purposes of exhaustion requirement include allowing prison to take responsive action,
26  filtering out frivolous cases, and creating administrative records).

1   all the remedies that are "available" at an intermediate level of review, or has been reliably

2   informed by an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d

3   926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief

4   remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief

5   remained available, whether at unexhausted levels or through awaiting the results of the relief

6   already granted as a result of that process.  Brown, 422 F.3d at 936-37.

7          As noted above, the PLRA requires proper exhaustion of administrative remedies.

8   Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

9   agency's deadlines and other critical procedural rules because no adjudicative system can

10  function effectively without imposing some orderly structure on the course of its proceedings."

11  Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to

12  properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an

13  untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

14         The State of California provides its prisoners the right to appeal administratively

15  "any departmental decision, action, condition or policy which they can demonstrate as having an

16  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them

17  the right to file appeals alleging misconduct by correctional officers and officials.  Id. at

18  § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner

19  must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal

20  on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and

21  (4) third level appeal to the Director of the CDCR.  Barry v. Ratelle, 985 F.Supp. 1235, 1237

22  (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5).  A final decision from the Director's

23  level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

24         Non-exhaustion under § 1997e(a) is an affirmative defense which should be

25  brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil

26  Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court

1    may look beyond the pleadings to determine whether a plaintiff exhausted his administrative

2    remedies.  Id. at 1119-20.

3                   Analysis

4                   Plaintiff sustained his injury on June 13, 2008.  (Complt. at 4.)  Plaintiff alleges

5    two different inmate grievances exhausted his administrative remedies:  CMF-06-08-13200 and

6    CMF-06-09-10103.  (Complt., Ex. E.)  Those two grievances were the only ones submitted by

7    plaintiff between June 13, 2008, and July 1, 2009, the date the instant action was filed.

8    (McKenzie Decl. at ¶ 3.)  Those grievances were not exhausted through the Director's Level

9    Review prior to the filing of this action.[3]  (Walker Decl. at ¶ 5.)

10                  Plaintiff concedes he failed to exhaust those remedies prior to filing the instant

11   action.  However, plaintiff asks the court to apply out-of-circuit authority to find he has

12   exhausted administrative remedies based on purposeful, excessive delay at the final level of

13   review.  (Opp'n at 3, 18.)  Plaintiff relies on Boyd v. Corrections Corp. of America, 380 F.3d 989

14   (6th Cir. 2004):

15                  [S]everal circuits have held that the exhaustion requirement is
                    satisfied where prison officials fail to timely respond to an inmate's
16                  written grievance. See Jernigan v. Stuchell, 304 F.3d 1030, 1032
                    (10th Cir. 2002) ("[W]e agree that the failure to respond to a
17                  grievance within the time limits contained in the grievance policy
                    renders an administrative remedy unavailable[.]"); Lewis v.
18                  Washington, 300 F.3d 829, 833 (7th Cir. 2002) ("We join the
                    Eighth and Fifth circuits on this issue because we refuse to
19                  interpret the PLRA 'so narrowly as to . . . permit [prison officials]
                    to exploit the exhaustion requirement through indefinite delay in
20                  responding to grievances.'"); Foulk v. Charrier, 262 F.3d 687, 698
                    (8th Cir. 2001) ( "[O]nce [the prison] failed to respond to [the
21                  prisoner's written grievance], no further administrative proceedings
                    were 'available' to him."); Powe v. Ennis, 177 F.3d 393, 394 (5th
22                  Cir. 1999) (per curiam) ("A prisoner's administrative remedies are
                    deemed exhausted when a valid grievance has been filed and the
23                  state's time for responding thereto has expired.").  Following the
                    lead of the four other circuits that have considered this issue, we

24

25          [3] Grievance CMF-08-13200 was exhausted through the final level of review on
     December 30, 2009, after the filing of the instant action.  (Walker Decl. ¶5.)  Grievance CMF-06-
26   09-1013 remains pending at the final level of review.  (Walker Decl. ¶5.)

conclude that administrative remedies are exhausted when prison
officials fail to timely respond to a properly filed grievance.

Boyd, 380 F.3d at 996.

In Boyd, the court held that Boyd had exhausted his administrative remedies
because:

[he] specifically alleged that (1) he submitted a grievance form by
giving it to a corrections officer, (2) the grievance covered "the
events of the evening of August 11, 1998," (3) the grievance was
delivered to the Grievance Chairperson, who is designated in the
grievance procedure as the appropriate recipient of grievances, and
(4) prison officials totally failed to respond to the grievance.

Id.

Grievance CMF-06-08-13200

Defendants contend that the instant case differs on its facts from Boyd because
plaintiff contributed to the delay in CMF-06-08-13200 by raising new issues and not providing
complete information, resulting in the grievance being screened out twice before it was accepted.
(Reply at 3, citing Walker Decl. ¶ 6.)  Moreover, prison officials obtained plaintiff's Unit Health
Records and had them reviewed by a licensed clinical staff "to provide a meaningful third level
response."  (Reply at 3, citing Walker Decl., Ex. 1, § IV,  ¶ 2.)  Defendants contend there was no
effort to avoid responding to the grievance, but instead defendants expended time to provide an
appropriate response.  (Reply at 3.)

The Court of Appeals for the Ninth Circuit has not yet decided whether
exceptions to the exhaustion requirement exist.  However, other circuits have held that the
exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring
through misconduct, or fail to respond to a grievance within the system's time limits.  See, e.g.,
Boyd, 380 F.3d at 996 (reciting cases).  The majority of these courts are concerned that potential
prison official defendants should not be able to avoid being sued by not responding to an inmate
appeal.  See id.  ("We join the Eighth and Fifth circuits on this issue because we refuse to
interpret the PLRA' so narrowly as to . . . permit [prison officials] to exploit the exhaustion

5

1   requirement through indefinite delay in responding to grievances.")

2          In the instant action, prison officials did not fail to respond to plaintiff's grievance

3   CMF-06-08-13200; rather, their decision issued on December 30, 2009.  Defendants have

4   provided evidence that plaintiff contributed to the delay in processing of this grievance.  (Walker

5   Decl.)  Moreover, plaintiff's claim involved a medical claim, which required the collection of

6   medical records and review by an appropriately licensed staff person.  (Id.)  Plaintiff has failed to

7   rebut this evidence.  Exhaustion is mandatory and is not required to be speedy.  Porter, 534 U.S.

8   at 524; Booth, 532 U.S. at 740, n.5.  The Court of Appeals for the Ninth Circuit has decided that

9   exhaustion may not be completed while a lawsuit is pending.  McKinney v. Carey, 311 F.3d

10  1198, 1200-01 (9th Cir. 2002).  Thus, CMF-06-08-13200 does not constitute exhaustion prior to

11  the filing of the instant action, and plaintiff's claims contained therein should be dismissed

12  without prejudice.

13          Grievance CMF-06-09-10103

14          In their motion, defendants confirm grievance CMF-06-09-10103 is still pending,

15  but fail to address any alleged delays in ruling on that grievance.

16          Grievance CMF-06-09-10103 was signed on January 17, 2009 (Dkt. No. 17-4 at

17  9.)  It was denied at the first level on March 5, 2009.  (Dkt. No. 17-4 at 8.)  It was submitted to

18  the second level review on March 11, 2009 (id.), and denied at the second level review on May

19  22, 2009.  (Dkt. No. 17-4 at 2.)

20          Plaintiff does not provide the date CMF-06-09-10103 was submitted to the third

21  level review, and neither do defendants, but on February 25, 2009, plaintiff claimed it had been

22  pending ten months after its submission.[4]  (Opp'n at 5.)  Given proper filing procedure, plaintiff

23  should have submitted his third level appeal no sooner than May 23, 2009, after prison officials

24

25          [4]  Calculating ten months prior to February 25, 2010, the date plaintiff signed the
    opposition, it would mean he submitted his third level appeal in April of 2009, prior to the
26  second level decision.

1  denied his appeal at the second level.  Plaintiff must comply with an agency's deadlines and

2  procedures.  Woodford, 548 U.S. at 83-84.  While the record does not make clear whether or not

3  plaintiff submitted his third level grievance too early, the earliest proper submission date of May

4  23, 2009, makes his July 1, 2009 filing in federal court premature as he did not allow prison

5  officials at least sixty days[5] in which to render their decision.  Because plaintiff failed to properly

6  exhaust his administrative grievance CMF-06-09-10103 prior to filing the instant action, his

7  claims related to this grievance must also be dismissed.

8            In light of the above, defendants' motion to dismiss should be dismissed, without

9  prejudice, based on plaintiff's failure to exhaust his state remedies prior to filing the instant

10  action.

11            Consent

12            Plaintiff filed a consent to the jurisdiction of a United States Magistrate Judge on

13  July 13, 2009.  Defendants have not responded to the court's October 15, 2009 Order re Consent.

14  Accordingly, the Clerk of Court will be directed to assign a district judge to this action.

15            Conclusion

16            In accordance with the above, IT IS HEREBY ORDERED that:

17            1.  Plaintiff's June 3, 2010 filing is disregarded (Dkt. No. 23); and

18             2.  The Clerk of the Court is directed to assign a district judge to this case.

19            IT IS HEREBY RECOMMENDED that defendants' February 9, 2010 motion to

20  dismiss (Dkt. No. 17) be granted and this action be dismissed without prejudice.

21            These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

23  one days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25

26            [5]  "Third level responses shall be completed within 60 working days."  Cal. Code Regs.
    tit. 15, § 3084.6 (b) (4) (2009).

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2  objections shall be filed and served within fourteen days after service of the objections.  The

3  parties are advised that failure to file objections within the specified time may waive the right to

4  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  June 16, 2010

6

7

8                                                    KENDALL J. NEWMAN

9                                                    UNITED STATES MAGISTRATE JUDGE

10  /habi1819.mtd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26